IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

RAYMOND A. WELLS, SR.,           )
Register No. 16526,              )
                                 )
            Plaintiff,           )
                                 )
      v.                         )    No. 05-4395-CV-C-NKL
                                 )
DAVE DORMIRE, et al.,            )
                                 )
            Defendants.          )

## REPORT, RECOMMENDATION AND ORDER

Plaintiff, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

Named defendants are Dave Dormire, Correctional Officer Whitlock, Correctional Medical Services, Dr. Jacques Lamour, Alfred Garcia, Thomas Turnbaugh and Jeff Bolten.

Plaintiff claims defendants denied him appropriate medical care for a knee and leg injury, both before and after surgery, and use of a knee brace ordered by his treating physician.

Plaintiff has requested leave to proceed without prepaying the filing fee and costs. 28 U.S.C. § 1915(a). Pursuant to the Prison Litigation Reform Act, the court is required to screen prisoner cases and must dismiss a complaint, or any portion of the complaint, if satisfied that the action is frivolous, malicious, or fails to state a claim under which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2). Additionally, under section 1915(g), if a prisoner, while incarcerated, has had three cases dismissed on any of these grounds, the court must deny leave to proceed under section 1915(a). The only exception to the successive petition clause is when the prisoner faces "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Plaintiff's claims against Correctional Medical Services (CMS) should be dismissed. Plaintiff has not alleged facts showing any action by CMS. Instead, his claims against this

corporate defendant appear to rely on the doctrine of respondeat superior. "It is well settled that respondeat superior cannot be the basis of liability in a § 1983 action." Givens v. Jones, 900 F.2d 1229, 1233 (8th Cir. 1990).

Likewise, plaintiff has not alleged a policy by CMS that caused his injuries. In Sanders v. Sears Roebuck and Co., 984 F.2d 972 (8th Cir. 1993), the court held that a corporation acting under color of state law will be held liable under section 1983 only for its own unconstitutional policies or actions. "The proper test is whether there is a policy, custom or action by those who represent official policy that inflicts injury actionable under § 1983." Sanders v. Sears Roebuck and Co., 984 F. 2d at 976. Thus, to state a viable claim against CMS for an injury caused by an unconstitutional policy, plaintiff must allege facts indicating the medical defendants acted pursuant to an official CMS policy and the official policy is responsible for plaintiff being denied constitutionally adequate medical care. In this case, plaintiff has not done so.

Additionally, plaintiff's motion for a temporary restraining order should be denied. A teleconference will be scheduled, however, to discuss plaintiff's knee brace.

Although plaintiff's remaining allegations may not be sufficient to withstand a motion to dismiss or for summary judgment, they are sufficient, when liberally construed, to allow plaintiff to proceed at this stage.

The Prison Litigation Reform Act of 1995 requires inmates to pay the filing fee when bringing a civil case or filing an appeal in forma pauperis. 28 U.S.C. § 1915 (as amended Apr. 26, 1996). The records available to the court indicate plaintiff is capable of making an initial payment of $13.12[1] toward the filing fee. Plaintiff should contact prison officials to have the initial payment processed. In the future, prison officials will withdraw funds from plaintiff's

---

[1] The initial payment is assessed at "20 percent of the greater of (A) the average monthly deposits to the prisoner's account; or (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal." The installment payments will be assessed at "20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid." 28 U.S.C. § 1915 (as amended Apr. 26, 1996). If plaintiff has not signed an authorization for release of inmate account funds, he will need to do so promptly.

2

account and forward them to the court, until the filing fee is paid in full. If plaintiff fails to make the initial payment, his claims may be dismissed for failure to comply with court orders. Fed. R. Civ. P. 41(b).

Pursuant to L.R. 7.1, suggestions in opposition to pending motions should be filed within twelve days after the motion is filed. Reply suggestions should be filed within twelve days after the suggestions in opposition are filed. In some circumstances, the court will give the parties additional time to file suggestions or reply suggestions. Unless an order is issued extending the time, responses and suggestions must be filed within the twelve days allotted by the Rule. Requests for an extension of time should be filed prior to the expiration of the twelve days allowed for a response. Responses and suggestions filed out-of-time, without prior leave of court, may not be considered when the court issues its ruling on the pending matter.

On December 16, 2005, plaintiff filed a motion for appointment of counsel under 28 U.S.C. § 1915, which authorizes the court to request an attorney to represent an individual who is unable to afford counsel. It is the practice of this court to grant provisional leave to proceed in forma pauperis to individuals who qualify on the basis of indigence, even though the case may be subject to dismissal under 28 U.S.C. §§ 1915 or 1915A on other grounds. It is the general practice of this court to deny requests for appointment of counsel in the very early stages of the proceedings before an answer has been filed, or when it appears that dismissal may be warranted because the complaint "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." See 28 U.S.C. §§ 1915 or 1915A. Accordingly, it is

ORDERED that plaintiff's motion for appointment of counsel is denied, without prejudice [2]. It is further

ORDERED that plaintiff is granted leave to proceed in forma pauperis, pursuant to the provisions of 28 U.S.C. § 1915. It is further

ORDERED that within thirty days, plaintiff make an initial payment of $13.12 toward the $250.00 filing fee. It is further

ORDERED that within thirty days, the Attorney General of Missouri and Correctional Medical Services notify the court, in writing, for which defendants they will and will not waive service of process. It is further

ORDERED that defendants answer or otherwise respond, pursuant to Fed. R. Civ. P. 4 and 12, within sixty days, if service of process is waived, or within twenty days after service of process, if service of process is not waived. It is further

ORDERED that defendants are granted leave to depose plaintiff at his place of incarceration. It is further

RECOMMENDED that plaintiff's motion for a temporary restraining order be denied. It is further

RECOMMENDED that plaintiff's claims against defendant Correctional Medical Services be dismissed, pursuant to 28 U.S.C. § 1915A, for failure to state a claim for which relief may be granted.

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation may result in a waiver of the right to appeal. *See* L.R. 74.1.

Dated this 27th day of February, 2006, at Jefferson City, Missouri.

/s/

WILLIAM A. KNOX
United States Magistrate Judge