IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

RAYMOND A. WELLS, SR., Register No. 16526, )
                                           )
                    Plaintiff,             )
                                           )
            v.                             )   No. 05-4395-CV-C-NKL
                                           )
DAVE DORMIRE, et al.,                      )
                                           )
                    Defendants.            )

## REPORT, RECOMMENDATION AND ORDER

Plaintiff, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

In support of his claims for relief, plaintiff alleges that defendants denied him appropriate medical care for a knee and leg injury, and use of a knee brace ordered by his treating physician.

On April 26, 2006, defendants Dormire and Whitlock filed a motion to dismiss for failure to state a claim, and for failure to exhaust administrative remedies as to his claims prior to the filing of his federal lawsuit.

On May 8, 2006, in response to the discussion and orders of the April 7, 2006 telephone conference, defendants Lamour, Garcia and Bolten filed a notice with the court indicating that arrangements had been made for plaintiff to be examined regarding his allegations that he requires a knee immobilizer, however, plaintiff failed to appear for such examination. It was also noted by the defendants that plaintiff was issued a knee immobilizer for medical purposes through November 25, 2003, and that the conduct violation at issue and the removal of the knee mobilizer from plaintiff's cell occurred on December 1, 2003. Defendants Lamour, Garcia and Bolten also state that the documentation submitted by Missouri Department of Corrections defendants with their motion to dismiss indicates that plaintiff failed to exhaust the prison grievance procedures as to his claims.

Title 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Pursuant to the January 1, 2004 Missouri Department of Corrections Offender Grievance Procedures, an offender has exhausted the administrative grievance procedure as to his claims, pursuant to federal law, upon receipt of a grievance appeal response. See Missouri Department of Corrections Manual, D5-3.2, Offender Grievance, No. III(M)(11) (Jan. 1, 2004). Section 1997e(a) requires that such exhaustion of available administrative remedies regarding the allegations in the prisoner's complaint be complete prior to bringing a federal lawsuit. Johnson v. Jones, 340 F.3d 624, 628 (8th Cir. 2003) (dismissal is required under section 1997e(a) if an inmate has failed to exhaust all available administrative remedies *prior* to filing suit). When multiple prison conditions claims have been joined, the plain language of section 1997e(a) requires that all available prison grievance remedies must be exhausted as to all of the claims. Graves v. Norris, 218 F.3d 884, 885 (8th Cir. 2000) (per curiam). Exhaustion of all administrative remedies means that a prisoner must use all steps that the Department of Corrections requires and must follow such steps properly. Woodford v. Ngo, ___ S. Ct. ___, 2006 WL 1698937 (June 22, 2006) (Section 1997e(a) requires proper exhaustion of administrative remedies). A prisoner must complete the administrative review process in accordance with applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court. Id.

Upon review, the court finds that plaintiff has failed to provide information or documentation that he has exhausted his administrative remedies. The documentation submitted indicates that although plaintiff filed an IRR and Grievance seeking to have his conduct violation expunged with regard to his knee immobilizer being confiscated as contraband, plaintiff did not exhaust his administrative remedies as to his claims in this case.

The only IRR and Grievance plaintiff filed challenged the issuance of the conduct violation issued to him for possession of the knee immobilizer, believed to be contraband. Plaintiff's Grievance on this issue was granted, the conduct violation was expunged, and plaintiff was released from administrative segregation. Plaintiff did not file a Grievance Appeal as to these claims. Plaintiff's failure to file such appeal resulted in abandonment of his claims, see

<u>Missouri Department of Corrections Manual</u>, D5-3.2, Offender Grievance, No. II (A) (Jan. 1, 2004) (providing for abandonment and closure of a complaint due to offender's failure to file an appeal), and thus, plaintiff failed to exhaust his administrative remedies as to the claims. Plaintiff's argument that he did not file an appeal because he thought he would get his knee immobilizer back upon expungement of the conduct violation is not persuasive. Plaintiff's IRR and Grievance fail to request or state that plaintiff was seeking return of his knee immobilizer; rather, plaintiff requests only that he "immediately be release (sic) from Adseg and expungement (sic) of the #3 violation and replacement back in the Phase 3-ITC Program." Furthermore, the Missouri Department of Corrections (MDOC) documentation granting plaintiff's Grievance indicates that plaintiff's medical authorization for use of the knee immobilizer had expired on November 25, 2003, just a few days before the December 5, 2003 issuance of the conduct violation for possession of the knee immobilizer as contraband. Thus, although plaintiff's conduct violation was expunged due to the medical authorization for possession of the knee immobilizer, there is no basis for MDOC to have returned the knee immobilizer to plaintiff, or for plaintiff to believe that the immobilizer would have been returned to him upon resolution of the conduct violation.

Because plaintiff has not exhausted his administrative remedies as to his claims challenging the confiscation of his knee immobilizer, the conduct violation received, and his claims against defendants Dormire and Whitlock, plaintiff has failed to exhaust his administrative remedies as to all his claims in this suit. Although the court has no specific information as to exhaustion of plaintiff's claims against Correctional Medical Services defendants, plaintiff's claims in this case should be dismissed in their entirety because plaintiff has failed to exhaust his administrative remedies as to all claims. When multiple claims are joined, exhaustion of all claims is required. <u>Graves v. Norris</u>, 218 F.3d at 885-86 (holding dismissal proper where at least some of plaintiff's claims were unexhausted when the district court ruled).

Nonetheless, the Eighth Circuit has held that despite a plaintiff's failure to exhaust administrative remedies as to all his claims, a plaintiff should be permitted to file an amended petition which includes only exhausted claims. <u>Kozohorsky v. Harmon</u>, 332 F.3d 1141, 1144 (8th Cir. 2003). Therefore, this court will grant plaintiff fifteen days from the date of this order to

3

file an amended complaint including only those claims which were fully exhausted prior to his filing the original complaint with this court on December 2, 2005. Such complaint should identify only those defendants and claims which have been fully exhausted via the administrative remedy process as set forth in the MDOC Manual. Failure to file such an amended complaint, will result in the dismissal of plaintiff's claims, without prejudice, pursuant to 42 U.S.C. § 1997e.

In light of this court's recommendation of dismissal under 42 U.S.C. § 1997e, the court will not address defendant Dormire's further argument for dismissal at this time.

If plaintiff refiles his unexhausted claims after exhausting his administrative remedies, he will be required to pay the full filing fee. 28 U.S.C. § 1915 (as amended Apr. 26, 1996). Installment payments are permitted if plaintiff is granted leave to proceed in forma pauperis.

Plaintiff has complied with the court's previous order and made initial payments totaling $26.25 toward the $250.00 filing fee. Plaintiff is being permitted to pay the filing fee in monthly installments.[1]

IT IS, THEREFORE, ORDERED that the Missouri Department of Corrections forward funds from plaintiff's account, in accord with the provisions of 28 U.S.C. § 1915, until the $250.00 fee is paid. It is further

ORDERED that the clerk of court forward a copy of this order to the Office of the Treasurer with the Department of Corrections. It is further

ORDERED that this court's May 16, 2006 recommendation of dismissal is vacated [24]. It is further

ORDERED that plaintiff is granted leave to amend his complaint, within fifteen days of this order, to include only those claims which have been fully exhausted via the prison administrative grievance process. It is further

---

[1] Title 28 U.S.C. § 1915(b)(2) provides "[a]fter payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward the payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid."

4

RECOMMENDED that if such amended complaint is not filed by plaintiff within fifteen days, defendants' motion to dismiss for failure to exhaust administrative remedies be granted and plaintiff's claims against all defendants be dismissed, without prejudice, pursuant to 42 U.S.C. § 1997e [17].

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 30th day of June, 2006, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge